IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3063

| | | |
|---|---|---|
| JAMES FRANKLIN MCCLELLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DONALD GREENE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 1, 2011, James Franklin McClelland ("McClelland" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 ("section 1983") [D.E. 1], along with an affidavit [D.E. 3] and a "motion to enforce/motion for further relief" [D.E. 4]. McClelland proceeds pro se and in forma pauperis [D.E. 2].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions' . . . ." Giarratano v.

Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

To state a claim under section 1983, McClelland must allege (1) that defendants "deprived him of a right secured by the Constitution and laws of the United States," and, (2) that defendants "deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970) (quotations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Kendall v. City of Chesapeake, Va., 174 F.3d 437, 440 (4th Cir. 1999). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

McClelland is now incarcerated at Marion Correctional Institution ("Marion"),[1] but asserts claims concerning disciplinary proceedings at Caledonia Correctional Institution ("Caledonia"). Compl. [D.E. 1] 3–4. McClelland names as defendants three Caledonia staff members, including an assistant unit manager (defendant Greene), a unit manager (defendant White), and a disciplinary hearing officer (defendant Basnight). Id. 2–3. McClelland alleges that defendants "conspired to entrap [him] from the day [he] arrived at . . . Caledonia . . . . Id. 3. McClelland also alleges that, in

---

[1] McClelland was transferred to Marion on September 29, 2011, but has failed to provide the court with his change of address, as required by Local Civil Rule 83.3, EDNC. The court cautions McClelland to comply with the rules of this court.

2

August 2010, defendant Greene placed him in segregation and "assured [McClelland] at that time that he were [sic] going to have [McClelland] placed on 'I-Con' long-term lockup." Id. McClelland further alleges that on January 28, 2011, another inmate assaulted him, but defendants White and Greene did not charge the inmate with a disciplinary infraction and released that inmate from confinement after two days, while "keeping [McClelland] confined for 17 days" in "retaliation for previous legal action conjoining the court." Id. 4. McClelland attached to his complaint a copy of a disciplinary report, which indicates that McClelland and the other inmate were "involved in a mutual confrontation and when [a sergeant] ordered both inmates to stop inmate McClelland refused and continued to fight." Compl., Att. 1 at 1. McClelland has also attached to his complaint a second disciplinary report signed by defendant Basnight, which indicates that McClelland was convicted of a disciplinary infraction for fighting with another inmate on March 21, 2011. Id., Att. 1 at 3–7; see also Pl. Aff. [D.E. 3] 1–2. McClelland seeks "to address the merits of these issues as wholly frivolous and thereby deem the case dismissed and restore to me my rights and/or privileges enjoyed by other inmates," and "for the above named defendants to be demoted to a[] lower rank." Compl. 4.

McClelland's challenges to his disciplinary convictions fail. To state a section 1983 claim for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would invalidate a conviction or sentence, a plaintiff must show that the underlying conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Heck v. Humphrey, 512 U.S. 477, 487 (1994); see Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997) (extending Heck to inmate disciplinary convictions). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily

3

imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Although Heck does not apply to all suits challenging prison disciplinary proceedings,[2] McClelland seeks reversal of his disciplinary convictions, removal from disciplinary segregation, and restoration of certain privileges. Thus, McClelland challenges the validity of his disciplinary convictions. Because McClelland's disciplinary convictions have not been overturned or otherwise invalidated, McClelland may not proceed with his section 1983 claims concerning disciplinary charges and convictions.

Moreover, the court cannot convert McClelland's section 1983 complaint to a habeas petition, because McClelland's claims also clearly fail in habeas. Certain procedural safeguards apply when loss of statutory good-time credit is at issue. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 557 (1974).[3] Under Wolff, an inmate is entitled to (1) written notice of the charges at least twenty-four hours in advance of the hearing, (2) a written statement by the factfinder as to the evidence relied on and reasons for disciplinary action, and, (3) call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 563–66. Additionally, DHO findings revoking a prisoner's good-time credit must be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454–56 (1985). Federal courts, however, will not review the accuracy of the DHO's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932

---

[2] See Muhammad v. Close, 540 U.S. 749, 751, 755 (2004) (per curiam) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.").

[3] It appears that McClelland did not actually lose any good-time credit from either disciplinary conviction. See Compl., Att. 1 at 2–3 (indicating that McClelland was subjected to 15–45 days in segregation, 10–40 extra duty hours, and suspension or restriction of certain privileges including radio, telephone, and recreational privileges).

4

(4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." Id.

Here, the materials McClelland attached to his complaint demonstrate that Caledonia staff provided him with all of the procedural protections to which he was entitled. Additionally, to the extent McClelland seeks restoration of "rights and/or privileges enjoyed by other inmates," the Supreme Court's procedural safeguards described above apply only when loss of statutory good-time credit is at issue. See, e.g., Wolff, 418 U.S. at 556–57, 563–66; see also Sandin v. Conner, 515 U.S. 472, 484 (1995) ("[L]iberty interests which are protected by the Due Process Clause . . . will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." (citations omitted)). Thus, "an inmate cannot challenge the loss of non-custodial privileges by way of a habeas petition because the loss of such privileges has only a speculative or incidental effect on the length of a prisoner's sentence and is not close to the core of habeas corpus." Lutz v. Hemingway, 476 F. Supp. 2d 715, 718–19 (E.D. Mich. 2007) (quotations omitted); see Hinojosa v. Thaler, 427 F. App'x 354, 355–56 (5th Cir. June 6, 2011) (per curiam) (unpublished) (affirming dismissal of habeas petition challenging disciplinary conviction as to commissary and cell restrictions imposed; reversing as to loss of good-time credits); Grossman v. Bruce, 447 F.3d 801, 806 (10th Cir. 2006) (dismissing habeas petition challenging disciplinary conviction because "placement in disciplinary segregation for seven days and restriction time of thirty days . . . did not implicate a liberty interest and [petitioner] is not entitled to the procedural protections set forth in Wolff." (quotation and citation omitted)); Levi v. Holt, 193 F. App'x 172, 175 (3d Cir. 2006) (per curiam) (unpublished) ("While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline.").

5

McClelland's conclusory allegations of retaliation likewise fail. The United States Court of Appeals for the Fourth Circuit has stated that

> *in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive [frivolity review]. To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation. This would pose particular problems in the context of prison administration. Every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct. The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.

Adams, 40 F.3d at 74. To survive frivolity review, McClelland "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Id. at 75. McClelland's allegations fail to allege that any defendant infringed any constitutionally protected right. Additionally, McClelland presents nothing more than naked assertions of retaliation. Accordingly, the court dismisses McClelland's retaliation claims as frivolous.

Finally, to the extent McClelland seeks to assert a claim for conspiracy, to establish a civil conspiracy, a plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right . . . ." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. See id. at 421–23. Rather a plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. at 421. McClelland fails to present sufficient allegations that would demonstrate a "meeting of the minds" between any defendants. Cf. Iqbal, 129 S. Ct. at

6

1949–52; Twombly, 550 U.S. at 555–56. Thus, McClelland fails to state a claim for conspiracy.

McClelland's "motion to enforce/motion for further relief" [D.E. 4] is also denied. McClelland seeks a preliminary injunction "enjoining the defendants, their successors in office, agents, and employees and all other persons acting in concert and participation with them from the above named acts of deliberate persecution, etc." [D.E. 4] 2. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

McClelland has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, McClelland has failed to meet his burden of proof. Accordingly, the court denies McClelland's motion for a temporary restraining order and for a preliminary injunction [D.E. 4].

7

In sum, the court DENIES plaintiff's "motion to enforce/motion for further relief" [D.E. 4], and DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915A. The Clerk of Court shall send a copy of this order to plaintiff at his current place of incarceration and close the case.

SO ORDERED. This 15 day of November 2011.

*JAMES C. DEVER III*
Chief United States District Judge

8

Case 5:11-ct-03063-D   Document 9   Filed 11/15/11   Page 8 of 8